CHARLES PINNELL, appellant,

*v.*

ADONIJAH S. BOYD et al., respondents.

Where the mortgagor and the second mortgagee have a right to set up the defence of usury against the first mortgage, a sheriff, selling the land on foreclosure of the second mortgage, does not, by conveying *subject* to the first mortgage, deprive the purchaser of the right to set up the same defence. The sheriff has no power to waive the usury.

On appeal from a decree advised by the vice-chancellor, and reported in *Pinnell v. Boyd, 6 Stew. Eq. 190*.

*Mr. S. B. Ransom,* for appellant.

I. The appellant, Adonijah S. Boyd, the defendant below, was a second mortgagee. He foreclosed his mortgage, to pay which the premises were sold by the sheriff of the county of Hudson. The respondent, the complainant below, was not made a party in that suit. Boyd purchased the premises under his own foreclosure sale. So he not only acquired title under a foreclosure of a mortgage subsequent to that of the respondent, but he was the mortgagee who held the mortgage under which he acquired his title.

It is not alleged or pretended in the bill that the appellant took his mortgage subject to the lien of the respondent's mortgage. It does not in any way appear that respondent's mortgage was in any way referred to by the mortgagor when he executed the mortgage to Mr. Boyd. *Brolasky v. Miller, 1 Stock. 807*.

II. The defendants below, the appellants here, are not, by reason of any averments in the bill and admissions made in their answer, precluded from setting up usury against the complainant's mortgage. *Dolman v. Cook, 1 McCart. 63; Brolasky v. Miller, 1 Stock. 814; Conover v. Hobart, 9 C. E. Gr. 123; Lee v. Stiger, 3 Stew. Eq. 610*.

III. The answer does not admit that Boyd purchased the premises subject to Pinnell's mortgage.

IV. The vice-chancellor says: "Even if it were possible to so read the answer in this case as to be able to say that it did not admit the material fact charged in the bill, still we would be bound to regard the silence of the answer upon this point as an admission of the fact. A material and controlling fact, which is clearly and fully averred in the bill and not denied or alluded to in the answer, must be taken as confessed."

The rule, as stated by the vice-chancellor, is not of universal application. *Scudder* v. *Van Amburgh, 4 Edw. Ch. 29; Gallatin* v. *Cunningham, Hopk. Ch. 48; Mitf. 215, 216; 2 Mad. 322, 323, 324; Frost* v. *Beekman, 1 Johns. Ch. 302; Murray* v. *Finnister, 2 Johns. Ch. 157; Denning* v. *Smith, 3 Johns. Ch. 345.*

*Mr. J. C. Besson,* for respondent.

The opinion of the court was delivered by

Dixon, J.

This bill was filed to foreclose a first mortgage upon lands in Hudson county. It alleged that the mortgagor had given a second mortgage to A. S. Boyd, on the same premises; that Boyd had foreclosed his mortgage, and that on his foreclosure, the sheriff had sold and conveyed the premises in fee, to Boyd, and then charged that said premises were sold to Boyd with full notice of complainant's mortgage, and subject to the lien thereof. The defendant, Boyd, answered, admitting the complainant's mortgage, his own subsequent mortgage, his foreclosure, and the sale to himself, as stated in complainant's bill, and then, with requisite particularity, set up usury, in the complainant's mortgage, to the amount of $200. The proofs fully establish the usury as alleged; but the vice-chancellor refused to give effect to such defence, because of the averment in the bill, undenied in the answer, that the property was sold on the prior foreclosure, *subject* to complainant's mortgage. From the decree thereupon

made, Boyd appeals, and thus is presented the question for decision.

The principles governing the case have been already settled in this court.

The defence of usury in a mortgage may be set up by the mortgagor, or by any one claiming under and in privity with him, as, for example, by subsequent mortgagees, or by purchasers at sheriff's sale. *Brolasky* v. *Miller, 1 Stock. 807.*

But the mortgagor may waive the usury, and then those holding under him, by subsequent conveyance, cannot avail themselves of the defence; likewise, one who has acquired from the mortgagor the right to plead the usury, may also remove the taint as to himself, and those thereafter deriving title from him. *Warwick* v. *Dawes, 11 C. E. Gr. 548.*

From these principles, it follows that Boyd possesses the right to reduce the complainant's mortgage for usury, both in his capacity as mortgagee and as purchaser at sheriff's sale, unless the mere averment that at such sale the property was sold subject to the complainant's mortgage, shows a defeasance of the right.

It has been held that if the mortgagor convey the property by deed, expressly subject to the amount of the existing mortgage, the grantee cannot set up the usury, for such language imports a waiver. But no case is cited to the effect that a sheriff, selling lands under a *fi. fa.* against the mortgagor, to satisfy a subsequent mortgage which itself preserved the defence, has any power so to purge the taint. And, plainly, he can have none. His duty is to sell the property, in the interest of the defendant and the second mortgagee, for the best price it will bring, and obviously, he would be defeating this aim, if he should impose conditions preventing the purchaser from asserting the rights concerning the land, which these parties possess. He has no power to do so. His sale and conveyance transfer to the purchaser the same right to allege the usury in the previous mortgage as they whose estate he conveys, had, and though he declare, at his auction and in his deed, that he sells subject to the prior encumbrance, such assertion cannot create a waiver of the right to plead the usury; it is

a mere notice, which he may fairly give, to apprise persons of what claims may be made against the title he conveys.

We conclude, therefore, that the bill does not state any facts from which the waiver of the defence for usury is the legitimate inference, and that consequently the decree below should be reversed.

For reversal—BEASLEY, C. J., DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN—12.

For affirmance—DODD—1.